IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PETER W. BICKEL, | : |
| | : |
| | : Case No. 2:18-cv-00119 |
| **Plaintiff,** | : |
| | : CHIEF JUDGE ALGENON L. MARBLEY |
| v. | : |
| | : MAGISTRATE JUDGE VASCURA |
| THE DELAWARE AIR NATIONAL | : |
| GUARD, *et al.*, | : |
| | : |
| **Defendants.** | : |

## **OPINION & ORDER**

This matter is before this Court on Plaintiff's Motions to Vacate Judgment (ECF No. 30) and to Strike (ECF No. 32). For the following reasons, Plaintiff's Motions are **DENIED**, and this case shall remain **CLOSED**.

### I.  BACKGROUND [1]

Plaintiff, a licensed optometrist and Colonel in the Delaware Air National Guard ("DE ANG"), initiated this action on February 14, 2018, against DE ANG, Major General Carol A Timmons in her official capacity as the Adjutant General of the DE ANG, and the United States Department of Defense (DoD), James N. Mattis, in his official capacity as the United States Secretary of Defense. (*See* ECF Nos. 1, 2). Plaintiff alleges that Defendants deprived him of his right to pursue his profession and livelihood without due process based on DE ANG's determination that his federal recognition should be withdrawn, and that he should be discharged for misconduct. (ECF No. 30 at 2). Plaintiff also sought a Preliminary Injunction. (ECF No. 7).

---

[1] Because the parties are familiar with the facts of this case, this Court does not restate them except as necessary to explain its decision.

1

On March 28, 2018, Defendants filed a Motion to Dismiss Plaintiff's Motion for Preliminary Injunction and First Amended Complaint for Injunctive Relief ("Motion to Dismiss"). (ECF No. 21). This Court granted Defendants' Motion, holding that Plaintiff had not yet exhausted his administrative remedies, given the intramilitary processes which had yet to conclude. (*Id*. at 12–13). Plaintiff's claims, however, were dismissed without prejudice, to afford him the opportunity to exhaust these remedies. (*Id*. at 14). The Clerk entered judgment on May 11, 2018. (ECF No. 29).

More than four years later, Plaintiff filed the instant Motion, requesting this Court vacate its Opinion and Order granting Defendants' Motion to Dismiss. (ECF No. 30). Plaintiff argues, pursuant to Fed. R. Civ. P. 60(d)(3), that Defendants defrauded this Court by representing a Withdrawal of Federal Recognition Board (WOFR) would be convened to adjudicate Plaintiff's claims, when they knew no board would ever be convened. (*See generally id*.). Given that this Court's decision was, at least in part, based on this allegedly fraudulent representation, Plaintiff argues setting aside that judgment is necessary. (*Id*. at 5–6).

Plaintiff filed his Motion on June 25, 2021. Defendants, however, did not file their Memorandum in Opposition until July 20, 2021; four (4) days after the Local Rules' twenty-one (21) day deadline lapsed (ECF No. 31). *See* S.D. Ohio Civ. R. 7.2(a)(2). Given this delay, along with its Reply Memorandum, Plaintiff moved to strike Defendants' Memorandum in Opposition as untimely.[2] (ECF No. 32). As Plaintiff's Motion to Vacate has been fully briefed, albeit untimely, this matter is now ripe for resolution.[3]

---

[2] Plaintiff further asserts, in a separately filed Notice, that Defendants have failed to file any opposition papers to his Motion to Strike, and the time for doing so has passed. (ECF No. 33).
[3] As detailed below, this Court excuses Defendants' untimely filing and will consider it in evaluating Plaintiff's Motion. (*See infra* at Part III(A)).

## II.  STANDARD OF REVIEW

Typically, motions to set aside judgments are subject to a one-year bar. Fed. R. Civ. P. 60(b)(3). If, however, a plaintiff alleges that fraud was committed against the court, there is no such bar. Fed. R. Civ. P. 60(c)(1). To establish fraud upon the Court, a movant must prove the alleged misconduct was: (1) committed on the part of an officer of the court; (2) directed to the judicial machinery itself; (3) intentionally false, willfully blind to the truth, or in reckless disregard for the truth; (4) a positive averment or a concealment when one is under a duty to disclose; and (5) deceptive of the court. *Workman v. Bell*, 227 F.3d 331, 336 (6th Cir. 2000). The Sixth Circuit has narrowly interpreted fraud on the court as contemplated by Rule 60(d)(3):

> "Fraud upon the court should . . . embrace only that species of fraud which does or attempts to, subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication, and relief should be denied in the absence of such conduct."

*Demjanjuk v. Petrovsky*, 10 F.3d 338, 352 (6th Cir.1993) (internal quotation omitted). Relief under Rule 60(d)(3), therefore, is usually "reserved for circumstances in which, for example, a judge or a juror has been bribed, a bogus document is inserted in the record, or improper influence has been exerted upon the court or an attorney so that the integrity of the court and its ability to function is directly impinged." *Morawski v. United States Dep't of Agric.*, No. 09–14568, slip. op., 2010 WL 2663201, at *7 (E.D. Mich. July 2, 2002).

## III.  LAW & ANALYSIS

Plaintiff makes two requests of this Court. First, he asks that it set aside its previous judgment, given that Defendants and their counsel committed "fraud on the court." (ECF No. 30). Second, Plaintiff requests this Court strike Defendants' Memorandum in Opposition because it was untimely filed. (ECF No. 32). This Court begins with the latter.

3

### A. Untimely Response & Motion to Strike

Plaintiff asserts Defendants failed to comply with Local Rule 7.2(a)(2), by filing their Memorandum in Opposition twenty-five (25) days after service of his Motion to Vacate, rather than twenty-one (21) days after. (ECF No. 32 at 2). Given this failure, says Plaintiff, striking that filing is appropriate. (*Id*.). In support of his position, Plaintiff relies on *Blue Grp. Res., Inc. v. Caiman Energy, LLC*, wherein the Court struck a memorandum in opposition that was filed 4 days late, asserting that the Local Rules do not contain a "no harm no foul" exception. (*Id.* (citing No. 2:11-CV-648, 2013 WL 12178525, * 3 (S.D. Ohio July 22, 2013))). Defendants do not tender any excuse for their delay.

The meaning of the phrase "excusable neglect" was explored by the United States Supreme Court in *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380 (1993). There, the Court recognized that "excusable neglect" is a somewhat elastic concept. Under that concept, a court is "permitted, where appropriate, to accept late filings caused by inadvertence, mistakes, or carelessness" *even when an adequate excuse is not tendered*. *Id*. at 388. (emphasis added). However, the Court must consider four factors in determining whether to grant an extension under the "excusable neglect" concept, including any prejudice which might inure to the opposing party or to the Court, the length of the delay involved, the reason advanced for the delay, and whether the dilatory party appears to have acted in good faith. *See also Blandford v. Broome County Government*, 193 F.R.D. 65 (N.D.N.Y.2000).

Given they do not offer any excuse for their delay, this Court will assume Defendants simply missed the response deadline; effectively an "omissions caused by carelessness." *Pioneer*, 507 U.S. at 388. On the other hand, it does not appear that Defendants' delay has prejudiced either Plaintiff or the Court in its ability to resolve this litigation in a timely fashion. Moreover, the delay

4

was only four (4) days, and there is no evidence Defendants did not act in good faith. Under these circumstances and given the flexible nature of the "excusable neglect" concept articulated in *Pioneer*, the Court concludes it is appropriate to consider Defendants' untimely filing in resolving Plaintiff's Motion. *See Tolliver v. Liberty Mut. Fire Ins. Co.*, No. 2:06-CV-00904, 2008 WL 545018, * 1 (S.D. Ohio Feb. 25, 2008) (granting defendant leave to file its answer *instanter*, despite a two-month delay, citing "excusable neglect"). This is particularly true in light of the "strong preference for trials on the merits in federal courts" consistently articulated in decisions from the United States Court of Appeals for the Sixth Circuit. *See, e.g., Shepard Claims Service v. William Darrah & Associates*, 796 F.2d 190, 193 (1986).

Accordingly, Plaintiff's Motion to Strike (ECF No. 32) is **DENIED**, and this Court will consider Defendants' untimely Memorandum in Opposition (ECF No. 31).

### B. Motion to Vacate

Plaintiff argues Defendants, and their counsel, committed fraud on this Court when they represented that a WOFR Board needed to be convened before Plaintiff had exhausted his administrative remedies. (*See generally* ECF No. 30). Specifically, he contends that Defendants and their counsel knew, or should have known, that no such board would ever be formed, and, moreover, no board ever was formed. (*Id*. at 5). Given that this Court based its dismissal, in part, on his failure to exhaust this administrative requirement, Plaintiff argues vacating that Order is necessary, pursuant to Fed. R. Civ. P. 60(d)(3). (*Id*. at 6–7).

In support of this contention, Plaintiff relies on the Declaration of Daniel T. Kozlowski, a retired Colonel from the Indiana National Guard who had served as a Judge Advocate for many years. (*Id*. at 3). Col Kozlowski testified that, based on his own experience, it was unlikely a WOFR would be convened in this matter as "the Findings in the local investigation [did] not constitute a

5

serious enough matter to justify [it]." (*Id*. at 4). Moreover, Plaintiff represents Col Kozlowski knew a WOFR-convening request had not yet been submitted, nor had the predicate WOFR legal opinion been obtained, based on his knowledge of the National Guard military justice process and personal contacts within the National Guard Board Chief Legal Counsel. (*Id*.). Based on this representation, which was offered during briefing on Defendants' Motion to Dismiss, Plaintiff maintains Defendants and their counsel misled this Court to believe Plaintiff would have an opportunity to contest the allegations against him and prove his innocence at a WOFR. (*Id*. at 5). This is further supported, says Plaintiff, given that in the four years since this Court's Opinion, no WOFR has been convened. (*Id*.). Accordingly, Plaintiff argues there is clear and convincing evidence to set aside this Court's judgment for fraud on the court, pursuant to Rule 60(d)(3). (*Id*. (citing *Daniels v. Jackson*, No. 20-2090, 2021 WL 1923060, * 2 (6th Cir. Mar. 9, 2021))).

Defendants make three arguments in response. First, Defendants assert that the appropriate means of re-opening this case would have been for Plaintiff to file a new complaint pursuant to this Court's prior dismissal without prejudice. (ECF No. 31 at 3–5). Plaintiff, however, failed timely to refile and Defendants argue the applicable two-year statute of limitations has run. (*Id*. at 4). The instant Motion, Defendants assert, is merely Plaintiff attempting to ameliorate that failure. (*Id*.). Second, and most substantively, Defendants maintain that Plaintiff fails to provide any evidence showing conduct that amounts to a fraud on the court, and which would warrant relief under Rule 60(d)(3). (*Id*. at 5–7). Specifically, Defendants assert that because the alleged fraud was known to Plaintiff before judgment, he cannot be granted relief now. (*Id*. at 5 (citing *Computer Leasco, Inc. v. NTP, Inc.*, 194 F. App'x 328, 335 (6th Cir. 2006))). Moreover, Defendants claim Plaintiff's allegation of fraud is based on speculation as to Defendants' intent and fails to allege egregious conduct that would rise to the level of fraud on the court. (*Id*. at 6). They claim the

6

narrative of actual events, that the WOFR process was initiated in late November/early December of 2018, conflicts with Plaintiff's claim that no attempt was ever made to convene a WOFR and corroborates their good faith belief that a WOFR would be convened. (*Id*. at 7). Third, Defendants maintain that the late decision to not rush to convene a WOFR inured to the benefit of Plaintiff's professional/military career, as that prevented him from being forced to retire earlier than initially mandated. (*Id*. at 8).

To establish a fraud on the Court, Plaintiff must "present clear and convincing evidence of: (1) conduct on the part of an officer of the court; (2) directed to the judicial machinery itself; (3) that is intentionally false, willfully blind to the truth, or in reckless disregard of the truth; (4) is a positive averment or a concealment when one is under a duty to disclose; and (5) deceives the court." *Gen. Med., P.C. v. Horizon/CMS Health Care Corp.*, 475 F. App'x 65, 71 (6th Cir. 2012). Even if this Court assumes for the purposes of this analysis that the first, second and fourth elements of fraud on the court are met, Plaintiff's claim still falls short of satisfying the third and fifth elements of fraud on the court.

1. *Intentionally False, Willfully Blind to the Truth, or in Reckless Disregard of the Truth*

Plaintiff alleges Defendants and their counsel knew, or should have known, that a WOFR would never be convened, and their representation otherwise constitutes at least a "reckless disregard for the truth." (ECF No. 30 at 2). Reckless disregard in this context refers to situations where "the actor has . . . knowledge, or reason to know, of the facts, but does not realize or appreciate the high degree of risk involved, although a reasonable man in his position would do so." *Demjanjuk*, 10 F.3d at 349. Viewed through the lens of this objective standard, the record lacks support for the conclusion that Defendants, or their counsel, acted in reckless disregard for the truth.

7

First, Defendants' counsel made no attempt to conceal Col. Kozlowski's Declaration from the Court. It was this Court, rather, that dismissed Col. Kozlowski's representations, finding that "[w]hile one officer may have believed rebutting the [Letters of Reprimand] would have been futile, there is nothing to suggest that the board of officers hearing would be futile." (ECF No. 28 at 13). Moreover, there is no evidence of record that Defendants themselves knew, or had reason to know, that a WOFR would not be convened. In fact, Lt. Col. Robert R. Howard's declaration, establishes that the WOFR process was initiated in late November/early December of 2018. (ECF No. 31 at 7 (citing ECF No. 31-1)). Plaintiff claims he received notice of this process a year earlier, in a Notice Memorandum supplied during discovery. (ECF No. 32 at 7). This Notice, says Plaintiff, illustrates there was more than sufficient time for Defendants to form a WOFR, and that any averments otherwise are false. (ECF No. 32 at 7). Ultimately, however, *when* Plaintiff learned that a WOFR was in the process of being convened, is immaterial. (emphasis added). Simply because a process may take a substantial amount of time to begin, that does not mean a representation that the process will happen is false. Again, other than conclusory assertions regarding his unfounded understanding of administrative disciplinary processes in the United States military, Plaintiff offers no "clear and convincing evidence" Defendants, or their counsel, made representations that were "intentionally false, willfully blind to the truth, or is in reckless disregard of the truth." Nothing prevented Plaintiff from "presenting his case fully and fairly." *Demjanjuk*, 10 F.3d at 354.

### 2. Deceives the Court

Plaintiff has also failed to satisfy, by clear and convincing evidence, the fifth element of fraud on the court, which requires the judge to have actually been deceived. To show successfully the Court was deceived, Plaintiff must show the alleged fraud "subverted the judicial process." *Lacks Indus., Inc. v. McKechnie Vehicle Components USA, Inc.*, 407 F. Supp. 2d 834, 850 (E.D.

Mich. 2005). Such subversion must "prevent[] the judicial machinery from preforming in the usual manner to impartially adjudge the case presented." *See Followell v. Mills*, 317 Fed. Appx. 501, 506 (6th Cir. 2009); *see also Rodriguez v. Honigman Miller Schwartz & Cohn LLP*, 465 F. App'x 504 (6th Cir. 2012) (dismissing a rule 60(d)(3) motion, where movant "failed to allege specific facts to plausibly suggest that the actions taken by defendants actually subverted the administration of justice or defiled the integrity of the courts").

What proves determinative here is that this Court already considered all the evidence proffered by Plaintiff in the instant Motion when ruling on Defendants' Motion to Dismiss. The memorandum from Col Culcasi (*see* ECF No. 21-1), Col Kozlowski's Declaration (ECF No. 25), the relevant Air Force Instruction (*see* ECF No. 28 at 12) as well as Plaintiff's arguments about the futility of attempting to exhaust (*id*. at 13; ECF No. 23 at 19–20), were all considered and rejected by this Court. Plaintiff cannot now come before this Court, four years after its judgment, claiming fraud on the Court, with the exact same evidence this Court previously considered when dismissing his Complaint. Moreover, this Court afforded Plaintiff an avenue to relitigate this case by dismissing his Complaint without prejudice. (*See* ECF No. 28 at 14). Plaintiff failed timely to pursue that avenue and is now attempting to relitigate this case by expanding the narrow reach of the fraud-on-the-court doctrine. *See* Moore's Federal Practice § 60.21[4][c]. To be clear, relief under Rule 60(d)(3) is reserved for "the most egregious conduct involving a corruption of the judicial process itself[,]" it is not a backdoor for lethargic litigants. 11 Charles Alan Wright et al., Federal Practice & Procedure § 2870 (West 2011) (collecting cases).

Even were this Court to find Defendants, or their counsel, had conducted themselves in a deceitful manner—and it has not—relief under Rule 60(d)(3) would still be inappropriate. Precedent dictates that "'even fairly despicable conduct will not qualify as fraud on the court.'"

9

*Gen. Med.*, 475 F. App'x at 71 (quoting Moore's Federal Practice § 60.21[4][c] (collecting cases for the proposition that perjury and non-disclosure by a single litigant did not rise to the level of fraud on the court)). If Defendants, and their counsel, were uncertain as to whether a WOFR would be convened, but nonetheless represented to this Court that convening said board was an administrative remedy Plaintiff was required to exhaust, that is surely not the sort of "flagrant abuse" which would necessitate the "extraordinary relief" afforded under Rule 60(d)(3). *Gen. Med.*, 475 F. App'x at 71.

## IV.  CONCLUSION

For the following reasons, Plaintiff's Motions (ECF Nos. 30, 32) are **DENIED**, and this case shall remain **CLOSED**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: March 28, 2022**